# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHERILLE SHANTON HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-225 JCH |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Sherille Shanton Harris for leave to proceed in forma pauperis. Upon review of the motion and the financial information submitted in support, the Court finds that plaintiff's motion should be granted. Additionally, plaintiff will be directed to file an amended complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff has filed a pro se employment discrimination complaint against defendant Megan J. Brennan, Postmaster General of the United States Postal Service. The complaint is on a Court-provided form. Plaintiff has checked the boxes indicating that she is bringing her lawsuit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq*, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), as amended,

42 U.S.C. §§ 12101, *et seq*. She alleges that she was discriminated against on the basis of her race (African-American), color (black), gender (female), age (over 40), disability (depression) and in reprisal for engaging in prior protected EEO activity. Plaintiff also asserts that she was subjected to harassment and/or a hostile work environment.

Plaintiff has not indicated in the complaint what position she holds at the Postal Service, nor has she indicated the exact nature of the allegations of discrimination, retaliation and/or the harassment and hostile work environment claims. Instead, plaintiff has attached to her complaint a copy of a "Decision on Request for Reconsideration" from the Equal Employment Opportunity Commission issued on October 31, 2018, giving plaintiff the right to bring her claims in the District Court within ninety (90) days of receipt of her decision letter. Plaintiff filed her complaint in this Court on February 14, 2019, within the ninety-day time period.

**Discussion**

The body of plaintiff's complaint contains the following allegations:

> I, Sherille Harris was subject to a hostile work environment rooted in racism on a daily basis and management did nothing except harass and show disparity of treatment with me and the co-worker. The conduct was severe enough to create a hostile work environment that it was intimidating, hostile and abusive. I as retaliated against by Postal management for filing numerous EEO's.

Plaintiff has also indicated that the terms and conditions of her employment differed from other employees and defendant failed to promote her.

Plaintiff's allegations are insufficient under Federal Rules of Civil Procedure 8 and 10. Rule 8 requires that the complaint contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. And Rule 10 requires a plaintiff state her claims in separate paragraphs, each limited as far as practicable to a single set of circumstances.

Because plaintiff's complaint is completely devoid of any factual allegations setting forth her claims against defendant, the Court will require plaintiff to amend her complaint on a court-provided form. In the claim section on the court-form, plaintiff should set forth, in numbered paragraphs the factual allegations supporting each separate claim against defendant. For example, plaintiff shall articulate her race and color claims separately from her gender claims, and she shall separate her disability claims separately from her age claims. Additionally, plaintiff needs to carefully articulate the adverse action she believes that was taken as a result of the retaliatory conduct she received, and she needs to set forth the purported hostile work environment she received in a separate paragraph as well. Furthermore, plaintiff shall separate whether her failure to promote claim is related to race/gender/color/disability or age discrimination.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days in which to file her amended complaint. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court will be directed to provide plaintiff with a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions set forth above, within **thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 13th day of March, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE
